PEOPLE v. CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. June 9, 1896.)

NEW PARTIES—IMPOSITION OF TERMS.

Where an action has been at issue for a year before defendant raised the objection that another person was a necessary party, it is proper to allow plaintiff to amend the complaint, and bring in such person as a party, without imposing terms.

Appeal from special term, Kings county.

Action by the people of the state of New York against the city of Brooklyn and Samuel F. Cowdrey for an accounting between plaintiff and defendant Cowdrey, and for an adjudication that defendant city pay to plaintiff and defendant Cowdrey, in accordance with the result of such accounting, $3,498.76, with interest from July 11, 1888. From an order permitting plaintiff to amend the summons and complaint, so as to make one Emily Golder a party defendant, defendant city of Buffalo appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Ira Leo Bamberger, for appellant.

J. Warren Lawton, for respondent.

PER CURIAM. This action was begun in July, 1894. The issues raised by the pleadings were tried February 1, 1895, and, for some reason, there resulted a mistrial. In August, 1895, the defendant obtained an order permitting it to serve an amended answer, which was served under the order in November, 1895. By this amended answer was raised, for the first time, the issue that Emily Golder was a necessary party to the action. After the interposition of this answer, the plaintiff moved for leave to amend the summons and complaint by making said Golder a party defendant. This motion was granted without terms, and from the order granting the motion this appeal is taken.

It is plain that the order, so far as it granted the amendment, was proper. The defendant claimed that Golder was a necessary party, and the plaintiff acceded to that claim by making the application. Under these circumstances, it would have been unreasonable to have proceeded further in the case in the absence of Golder, as a party. It was proper to impose no terms upon the plaintiff as a condition for this amendment. The action had been at issue for a year before the defendant raised the question of the necessity of the presence of Golder, as a party, by its amended answer. Its ability to then raise that issue was not a matter of right, but solely proceeded from the favor of the court in permitting it to serve an amended pleading. The order permitting such amended pleading should have reserved the right to the plaintiff to amend without terms. As it did not, this privilege was rightly given by the order now appealed from.

The order appealed from should be affirmed, with $10 costs and disbursements.